# PURCHASE AND SALE AGREEMENT
("days" means business days unless otherwise noted, see paragraph 23)

**March 27**, **2021**
Offer Date

**3/27/2021**, _____ Effective Date
Effective Date is defined in Paragraph 23 of this Agreement.

1. **PARTIES:** This Agreement is made between **Andrew M. Sheriff** _____ ("Buyer") and **440 Mount Hope Realty Trust, Matthew Gardner, Trustee** ("Seller").

2. **DESCRIPTION:** Subject to the terms and conditions hereinafter set forth, Seller agrees to sell and Buyer agrees to buy [X] all [ ] part of (if "part of" see para. 26 for explanation) the property situated in municipality of **Sanford**, County of **York**, State of Maine, located at **440 Mount Hope Road** and described in deed(s) recorded at said County's Registry of Deeds Book(s) **17668**, Page(s) **19**.

3. **FIXTURES:** The Buyer and Seller agree that all fixtures, including but not limited to existing storm windows, screens, shades and/or blinds, shutters, curtain rods, built-in appliances, heating sources/systems including gas and/or kerosene-fired heaters and wood/pellet stoves, sump pump, electrical fixtures, hard-wired generators, landscaping, and **4-Refrigerators, 4 Electric ranages** are included with the sale except for the following: _____.
Seller represents that all mechanical components of fixtures will be operational at the time of closing except: _____.

4. **PERSONAL PROPERTY:** The following items of personal property as viewed on **March 27, 2021** are included with the sale at no additional cost, in "as is" condition with no warranties: _____.

5. **PURCHASE PRICE/EARNEST MONEY:** For such Deed and conveyance Buyer agrees to pay the total purchase price of **$359,000.00**. Buyer [ ] has delivered; or [X] will deliver to the Agency within **1** days of the Effective Date, a deposit of earnest money in the amount $ **50,000.00 non refundable**. Buyer agrees that an additional deposit of earnest money in the amount of $ **n/a** will be delivered _____.
If Buyer fails to deliver the initial or additional deposit in compliance with the above terms Seller may terminate this Agreement. This right to terminate ends once Buyer has delivered said deposit(s). The remainder of the purchase price shall be paid by wire, certified, cashier's or trust account check upon delivery of the Deed.

This Purchase and Sale Agreement is subject to the following conditions:

6. **ESCROW AGENT/ACCEPTANCE:** **King Real Estate** ("Agency") shall hold said earnest money and act as escrow agent until closing; this offer shall be valid until **March 27, 2021** (date) **6** [ ] AM [X] PM; and, in the event of non-acceptance, this earnest money shall be returned promptly to Buyer.

7. **TITLE AND CLOSING:** A deed, conveying good and merchantable title in accordance with the Standards of Title adopted by the Maine Bar Association shall be delivered to Buyer and this transaction shall be closed and Buyer shall pay the balance due and execute all necessary papers on **April 21, 2021** (closing date) or before, if agreed in writing by both parties. If Seller is unable to convey in accordance with the provisions of this paragraph, then Seller shall have a reasonable time period, not to exceed 30 calendar days, from the time Seller is notified of the defect, unless otherwise agreed to in writing by both Buyer and Seller, to remedy the title. Seller hereby agrees to make a good-faith effort to cure any title defect during such period. If, at the later of the closing date set forth above or the expiration of such reasonable time period, Seller is unable to remedy the title, Buyer may close and accept the deed with the title defect or may terminate this Agreement in which case the parties shall be relieved of any further obligations hereunder and any earnest money shall be returned to the Buyer.

8. **DEED:** The property shall be conveyed by a **Warranty** deed, and shall be free and clear of all encumbrances except covenants, conditions, easements and restrictions of record which do not materially and adversely affect the continued current use of the property.

Page 1 of 5    Buyer(s) Initials _AMS_    Seller(s) Initials _M_
Bean Group, 1150 Sagamore Avenue Portsmouth, NH 03801    Phone: 603-766-1980    Fax:    440 Mount Hope
Diane Talon    Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

9. **POSSESSION, OCCUPANCY, AND CONDITION:** Unless otherwise agreed in writing, possession and occupancy of premises, free of tenants and occupants, shall be given to Buyer immediately at closing. Said premises shall then be broom clean, free of all possessions and debris, and in substantially the same condition as at present, excepting reasonable use and wear. Buyer shall have the right to view the property within 24 hours prior to closing.

10. **RISK OF LOSS, DAMAGE, DESTRUCTION AND INSURANCE:** Prior to closing, risk of loss, damage, or destruction of premises shall be assumed solely by the Seller. Seller shall keep the premises insured against fire and other extended casualty risks prior to closing. If the premises are damaged or destroyed prior to closing, Buyer may either terminate this Agreement and be refunded the earnest money, or close this transaction and accept the premises "as-is" together with an assignment of the insurance proceeds relating thereto.

11. **FUEL/UTILITIES/PRORATIONS:** Buyer ☐ shall ☒ shall not pay Seller at closing for all fuel in any tanks remaining on the property calculated as of the closing date or such earlier date as required to comply with lender requirements, if any. The amount owed, if any, shall be determined using the most recently available cash price of the company that last delivered the fuel. Metered utilities such as electricity, water and sewer will be paid through the date of closing by Seller. The following items, where applicable, shall be prorated as of the date of closing: collected rent, association fees, (other) _____ . The day of closing is counted as a Seller day. Real estate taxes shall be prorated as of the date of closing (based on municipality's fiscal year). Seller is responsible for any unpaid taxes for prior years. If the amount of said taxes is not known at the time of closing, they shall be apportioned on the basis of the taxes assessed for the preceding year with a reapportionment as soon as the new tax rate and valuation can be ascertained, which latter provision shall survive closing. Buyer and Seller will each pay their transfer tax as required by State of Maine.

12. **DUE DILIGENCE:** Neither Seller nor Licensee makes any warranties regarding the condition, permitted use or value of Sellers' real or personal property, or any representations as to compliance with any federal, state or municipal codes, including, but not limited to, fire, life safety, electrical and plumbing. Buyer is encouraged to seek information from professionals regarding any specific issue or concern.

☒ Buyer's obligation to close under this Agreement is not subject to any due diligence investigations. Buyer is relying completely upon Buyer's own opinion as to the condition of the property.

☐ Buyer's obligation to close under this Agreement is subject to Buyer's satisfaction with the results of any due diligence investigations undertaken. Buyer shall have _____ days from the Effective Date of this Agreement to perform such due diligence investigations as Buyer deems necessary which may include, but are not limited to, any or all of the following:

| | | | | |
|---|---|---|---|---|
| General Building | Square Footage | Zoning | Survey/MLI | Habitat Review/Waterfowl |
| Sewage Disposal | Code Conformance | Pests | Lead Paint | Shoreland Septic |
| Water Quality | Registered Farmland | Pool | Flood Plain | Energy Audit |
| Water Quantity | Environmental Scan | Insurance | Chimney | Lot Size/Acreage |
| Air Quality | Smoke/CO Detectors | Mold | Tax Status* | Arsenic Wood/Water (see par. 13) |

All investigations will be done at Buyer's expense by persons chosen by Buyer in Buyer's sole discretion. Seller agrees to cooperate with Buyer and shall give Buyer and Buyer's agents and consultants reasonable access to the property and its systems and fixtures in order to undertake the above investigations. Buyer agrees to take reasonable steps to return the property to its pre-inspection condition. If the result of any investigation is unsatisfactory to Buyer in Buyer's sole discretion, Buyer may terminate this Agreement by notifying Seller in writing within the specified number of days, and any earnest money shall be returned to Buyer. If the result of any investigation is unsatisfactory to Buyer, and Buyer wishes to pursue remedies other than voiding the Agreement, Buyer must do so to full resolution within the time period set forth above; otherwise this contingency is waived. If Buyer does not notify Seller that an investigation is unsatisfactory within the time period set forth above, or if any investigation under this paragraph is not performed or completed during the period specified in this paragraph, this contingency and the right to conduct an investigation are waived by Buyer.

\* If the property is enrolled in the Maine Tree Growth Tax program, Seller agrees to provide Buyer with the current Forest Management and Harvest Plan within _____ days. ☐ Yes ☒ No

13. **PROPERTY DISCLOSURE FORM:** Buyer acknowledges receipt of Property Disclosure Form and the information developed by the Maine Center for Disease Control and Prevention regarding arsenic in private water supplies and arsenic in treated wood.

14. **FINANCING:** Buyer's obligation to close:
   **Not Subject to Financing**
   ☐ is not subject to a financing contingency. Buyer has provided Seller with acceptable proof of the funds.
   ☒ is not subject to a financing contingency. Buyer shall provide proof of the funds acceptable to Seller within **3** days. If such proof is unacceptable to Seller, Seller may terminate this Agreement no later than **4** days from receipt. If proof of funds is not provided within such time period, Seller may terminate this Agreement which right shall end once such proof is received, however Seller retains the agreed upon time period to terminate if such proof is unacceptable. If Seller terminates in either case, the earnest money shall be returned to Buyer.
   ☒ Buyer's ability to purchase ☐ is ☒ is not subject to the sale of another property. See addendum ☐ Yes ☒ No.
   **Subject to Financing**                                                                                                                TBD
   ☐ Buyer's obligation to close is subject to financing as follows:
   a. Buyer's obligation to close is subject to Buyer obtaining a **conventional or portfolio** loan of ~~XXXXXXXX~~ **Current** % of the purchase price, at an interest rate not to exceed **TBD** % and amortized over a period of **TBD** years. Buyer is under a good faith obligation to seek and obtain financing on these terms. If such financing is not available to Buyer as of the closing date, Buyer is not obligated to close and may terminate this Agreement in which case the earnest money shall be returned to Buyer.
   b. Buyer to provide Seller with letter from lender showing that Buyer has made application for loan specified in (a) and, subject to verification of information, is qualified for the loan requested within **3** days from the Effective Date of the Agreement. If Buyer fails to provide Seller with such letter within said time period, Seller may terminate this Agreement and the earnest money shall be returned to Buyer. This right to terminate ends once Buyer's letter is received.
   c. Buyer hereby authorizes, instructs and directs its lender to communicate the status of the Buyer's loan application to Seller, Seller's licensee and Buyer's licensee.
   d. After (b) is met, if the lender notifies Buyer that it is unable or unwilling to provide said financing, Buyer is obligated to provide Seller with the written documentation of the loan denial within two days of receipt. After notifying Seller, Buyer shall have **3** days to provide Seller with a letter from another lender showing that Buyer has made application for loan specified in (a) and, subject to verification of information, is qualified for the loan requested. If Buyer fails to provide Seller with such letter within said time period, Seller may terminate this Agreement and the earnest money shall be returned to Buyer. This right to terminate ends once Buyer's letter is received.
   e. Buyer agrees to pay no more than _____ points. Seller agrees to pay up to $ **-0-** toward Buyer's actual pre-paids, points and/or closing costs, but no more than allowable by Buyer's lender.
   f. Buyer's ability to obtain financing ☐ is ☒ is not subject to the sale of another property. See addendum ☐ Yes ☒ No.
   g. Buyer may choose to pay cash instead of obtaining financing. If so, Buyer shall notify Seller in writing including providing proof of funds and the Agreement shall no longer be subject to financing, and Seller's right to terminate pursuant to the provisions of this paragraph shall be void and Seller's obligations pursuant to 14e shall remain in full force and effect.

15. **BROKERAGE DISCLOSURE:** Buyer and Seller acknowledge they have been advised of the following relationships:

| Dainelle Lape | ( 003995 ) of | King Real Estate | ( 1076 ) |
|---|---|---|---|
| Licensee | MLS ID | Agency | MLS ID |

is a ☒ Seller Agent ☐ Buyer Agent ☐ Disc Dual Agent ☐ Transaction Broker

| Dianae Talon | ( 011107 ) of | Bean Group | ( 2346 ) |
|---|---|---|---|
| Licensee | MLS ID | Agency | MLS ID |

is a ☐ Seller Agent ☒ Buyer Agent ☐ Disc Dual Agent ☐ Transaction Broker

If this transaction involves Disclosed Dual Agency, the Buyer and Seller acknowledge the limited fiduciary duties of the agents and hereby consent to this arrangement. In addition, the Buyer and Seller acknowledge prior receipt and signing of a Disclosed Dual Agency Consent Agreement.

16. **DEFAULT/RETURN OF EARNEST MONEY:** Buyer's failure to fulfill any of Buyer's obligations hereunder shall constitute a default and Seller may employ all legal and equitable remedies, including without limitation, termination of this Agreement and forfeiture by Buyer of the earnest money. Seller's failure to fulfill any of Seller's obligations hereunder shall constitute a default and Buyer may employ all legal and equitable remedies, including without limitation, termination of this Agreement and return to Buyer of the earnest money. Agency acting as escrow agent has the option to require written releases from both parties prior to disbursing the earnest money to either Buyer or Seller. In the event that the Agency is made a party to any lawsuit by virtue of acting as escrow agent, Agency shall be entitled to recover reasonable attorney's fees and costs which shall be assessed as court costs in favor of the prevailing party.

17. **MEDIATION:** Earnest money or other disputes within the jurisdictional limit of small claims court will be handled in that forum. All other disputes or claims arising out of or relating to this Agreement or the property addressed in this Agreement (other than requests for injunctive relief) shall be submitted to mediation in accordance with generally accepted mediation practices. Buyer and Seller are bound to mediate in good faith and to each pay half of the mediation fees. If a party fails to submit a dispute or claim to mediation prior to initiating litigation (other than requests for injunctive relief), then that party will be liable for the other party's legal fees in any subsequent litigation regarding that same matter in which the party who failed to first submit the dispute or claim to mediation loses in that subsequent litigation. This clause shall survive the closing of the transaction.

Page 3 of 5    Buyer(s) Initials _AYS_    Seller(s) Initials: _AL_

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com    440 Mount Hope

18. PRIOR STATEMENTS: Any representations, statements and agreements are not valid unless contained herein. This Agreement completely expresses the obligations of the parties and may only be amended in writing, signed by both parties.

19. HEIRS/ASSIGNS: This Agreement shall extend to and be obligatory upon heirs, personal representatives, successors, and assigns of the Seller and the assigns of the Buyer.

20. COUNTERPARTS: This Agreement may be signed on any number of identical counterparts with the same binding effect as if the signatures were on one instrument. Original or faxed or other electronically transmitted signatures are binding.

21. SHORELAND ZONE SEPTIC SYSTEM: Seller represents that the property ☐ does ☒ does not contain a septic system within the Shoreland Zone. If the property does contain a septic system located in the Shoreland Zone, Seller agrees to provide certification at closing indicating whether the system has/has not malfunctioned within 180 calendar days prior to closing.

22. NOTICE: Any notice, communication or document delivery requirements hereunder may be satisfied by providing the required notice, communication or documentation to or from the parties or their Licensee. Only withdrawals of offers and counteroffers will be effective upon communication, verbally or in writing.

23. EFFECTIVE DATE/BUSINESS DAYS: This Agreement is a binding contract when the last party signing has caused a paper or electronic copy of the fully executed agreement to be delivered to the other party which shall be the Effective Date. Licensee is authorized to fill in the Effective Date on Page 1 hereof. Except as expressly set forth to the contrary, the use of the term "days" in this Agreement, including all addenda made a part hereof, shall mean business days defined as excluding Saturdays, Sundays and any observed Maine State/Federal holidays. Deadlines in this Agreement, including all addenda, expressed as "within x days" shall be counted from the Effective Date, unless another starting date is expressly set forth, beginning with the first day after the Effective Date, or such other established starting date, and ending at 5:00 p.m. Eastern Time on the last day counted. Unless expressly stated to the contrary, deadlines in this Agreement, including all addenda, expressed as a specific date shall end at 5:00 p.m. Eastern Time on such date.

24. CONFIDENTIALITY: Buyer and Seller authorize the disclosure of the information herein to the real estate licensees, attorneys, lenders, appraisers, inspectors, investigators and others involved in the transaction necessary for the purpose of closing this transaction. Buyer and Seller authorize the lender and/or closing agent preparing the closing disclosure and/or settlement statement to release a copy of the closing disclosure and/or settlement statement to the parties and their licensees prior to, at and after the closing.

25. ADDENDA: Lead Paint - ☒ Yes ☐ No ; Other - ☐ Yes ☐ No Explain: _____

The Property Disclosure Form is not an addendum and not part of this Agreement.

26. OTHER CONDITIONS: **Seller to have the septic pumped and all repairs for the septic and leach field prior to closing. Seller to have all violations corrected and signed certification from Sanford, ME Code Enforcement and to provide the certificate to the buyer.**
**Seller to provide month to month or lease agreements with the 3 tenants for buyers to knowledge and will be kept confidential.**

**Buyer would like the 1st floor unit for occupancy now for the buyer own use.**

27. GENERAL PROVISIONS:
    a. A copy of this Agreement is to be received by all parties and, by signature, receipt of a copy is hereby acknowledged. If not fully understood, contact an attorney. This is a Maine contract and shall be construed according to the laws of Maine.
    b. Seller acknowledges that State of Maine law requires buyers of property owned by non-resident sellers to withhold a prepayment of capital gains tax unless a waiver has been obtained by Seller from the State of Maine Revenue Services.
    c. Buyer and Seller acknowledge that under Maine law payment of property taxes is the legal responsibility of the person who owns the property on April 1, even if the property is sold before payment is due. If any part of the taxes is not paid when due, the lien will be filed in the name of the owner as of April 1 which could have a negative impact on their credit rating. Buyer and Seller shall agree at closing on their respective obligations regarding actual payment of taxes after closing. Buyer and Seller should make sure they understand their obligations agreed to at closing and what may happen if taxes are not paid as agreed.
    d. Buyer acknowledges that Maine law requires continuing interest in the property and any back up offers to be communicated by the listing agent to the Seller.
    e. Whenever this Agreement provides for earnest money to be returned or released, agency acting as escrow agent must comply with the Maine Real Estate Commission rules which may require written notices or obtaining written releases from both parties.

Page 4 of 5    Buyer(s) Initials __AYS__    Seller(s) Initials __AL__

28. **ELECTRONIC SIGNATURES:** Pursuant to the Maine Uniform Electronic Transactions Act and Digital Signature Act, the parties authorize and agree to the use of electronic signatures as a method of signing/initialing this Agreement, including all addenda. The parties hereby agree that either party may sign electronically by utilizing an electronic signature service.

Buyer's Mailing address is **1290 Woodbury Ave, Portsmouth, NH 03801** .

*Andrew M. Sheriff*
BUYER **Andrew M. Sheriff**            DATE            BUYER            DATE

BUYER            DATE            BUYER            DATE

Seller accepts the offer and agrees to deliver the above-described property at the price and upon the terms and conditions set forth and agrees to pay agency a commission for services as specified in the listing agreement.

Seller's Mailing address is _____ .

*Matthew Gardner*            3/27/2021
SELLER **440 Mount Hope Realty Trust**   DATE            SELLER **Matthew Gardner, Trustee**            DATE

SELLER            DATE            SELLER            DATE

## COUNTER-OFFER

Seller agrees to sell on the terms and conditions as detailed herein with the following changes and/or conditions:




The parties acknowledge that until signed by Buyer, Seller's signature constitutes only an offer to sell on the above terms and the offer will expire unless accepted by Buyer's signature with communication of such signature to Seller by (date) _____ (time) _____  ☐ AM  ☐ PM.

SELLER            DATE            SELLER            DATE

SELLER            DATE            SELLER            DATE

The Buyer hereby accepts the counter offer set forth above.

BUYER            DATE            BUYER            DATE

BUYER            DATE            BUYER            DATE

## EXTENSION

The closing date of this Agreement is extended until _____ .
DATE

SELLER            DATE            SELLER            DATE

SELLER            DATE            SELLER            DATE

BUYER            DATE            BUYER            DATE

BUYER            DATE            BUYER            DATE


**Maine Association of REALTORS®/Copyright © 2021.**
All Rights Reserved. Revised 2021.


Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com            440 Mount Hope
