UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANDREW SHERIFF & MIKE JOHANNES, ) <br> ) <br> Plaintiffs, ) <br> ) Docket no. 2:21-cv-00115-GZS <br> v. ) <br> ) <br> MATTHEW GARDNER, et al., ) <br> ) <br> Defendants. ) | |

**ORDER ON PENDING MOTIONS & ORDER TO SHOW CAUSE**

Before the Court are: (1) two Motions to Dismiss by Defendant King Real Estate (ECF Nos. 10 & 20), (2) the Motion to Dismiss by Defendants Matthew Gardner & 440 Mount Hope Realty Trust (ECF No. 13), and (3) Plaintiffs' Motion for Entry of Default (ECF No. 23).

**I.    THE MOTIONS TO DISMISS (ECF Nos. 10, 13 & 20)**

While there are three Motions to Dismiss pending in this matter, two of these Motions (ECF Nos. 10 & 13) were filed prior to Plaintiffs docketing their Amended Complaint (ECF No. 18). In light of this amended pleading, the Court, in an exercise of its discretion, deems the Motions to Dismiss that targeted Plaintiffs' initial Complaint (ECF No. 1) MOOT.

Turning to the remaining Motion to Dismiss (ECF No. 20), Defendant King Real Estate ("KRE") asserts that Plaintiffs' claims against KRE are subject to dismissal due to lack of subject matter jurisdiction and failure to state a plausible claim.[1]

---

[1] To the extent this Motion renewed and incorporated the arguments pressed in its earlier Motion to Dismiss (ECF No. 10), the Court has considered those arguments in connection with resolving KRE's request for dismissal of claims asserted in the Amended Complaint. See KRE Mot., PageID # 183.

### A.     Legal Standard

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims over which this Court lacks subject matter jurisdiction.  A federal court is obligated to ensure the existence of subject matter jurisdiction before considering the merits of any complaint.  See, e.g., United States v. University of Mass., Worcester, 812 F.3d 35, 44 (1st Cir. 2016).  Plaintiffs generally bear the burden of demonstrating subject matter jurisdiction.  See, e.g., Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996).  Faced with a motion to dismiss based on lack of jurisdiction, the Court applies the same "plausibility standard applicable under Rule 12(b)(6)" to the operative complaint.  Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016).  However, the Court may also consider additional materials submitted by either side that allow it to resolve the jurisdictional challenge.  See Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001) (noting that "plaintiff's well-pleaded factual allegations . . . [may be] augmented by an explanatory affidavit or other repository of uncontested facts").

Once the Court determines it has jurisdiction over the asserted claims, it may consider whether the operative pleading contains sufficient factual matter "to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "In evaluating whether a complaint states a plausible claim, [the Court] perform[s] a two-step analysis."  Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (internal quotation and citation omitted).  First, "the court must separate the [pleading]'s factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)."  Morales-Cruz v. University of Puerto Rico, 676 F.3d 220, 224 (1st Cir. 2012) (citing Iqbal, 556 U.S. at 678).  Second, the court "must determine whether the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (quoting Iqbal, 556 U.S. at 678).  "This standard is 'not akin to a "probability requirement,"

but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" Saldivar, 818 F.3d at 18 (quoting Iqbal, 556 U.S. at 678). "Although evaluating the plausibility of a legal claim requires the reviewing court to draw on its judicial experience and common sense, the court may not disregard properly pled factual allegations, even if it strikes a savvy judge that actual proof of those facts is improbable." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (internal citations and quotations omitted). Rather, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability" from the facts. Id. at 13.

In assessing whether a complaint adequately states a claim, the Court considers the "facts and documents that are part of or incorporated into the complaint." United Auto., Aerospace, Agric. Implement Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 39 (1st Cir. 2011) (quotation marks omitted). But, the Court may also "supplement those facts with facts 'gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice.'" Gonzalez v. Velez, 864 F.3d 45, 48 (1st Cir. 2017) (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)). Likewise, when reviewing a pro se pleading a somewhat "less stringent" standard applies, and the Court may consider other filings by the pro se litigant in order to "understand the nature and basis of his claims." Wall v. Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003) (internal citations omitted).

**B.   Discussion**

The Amended Complaint (ECF No. 18) asserts that KRE acted as the Seller's Agent for a Maine real estate transaction in which Plaintiffs Andrew Sheriff and Mike Johannes, both residents of New Hampshire, were the Buyers. The Seller was 440 Mount Hope Realty Trust with Matthew Gardner as Trustee. As alleged in the Amended Complaint, Plaintiff Sheriff paid a $50,000 nonrefundable deposit to KRE under the terms of the purchase and sale agreement, dated March

3

27, 2021.  (See Exs. A & B (ECF Nos. 1-1 & 1-2), PageID #s 7 & 12.)[2]  Under the terms of this agreement, KRE was to hold the deposit "and act as escrow agent until closing," which was scheduled for April 21, 2021.  (Ex. A, PageID # 7.)

Plaintiffs' Amended Complaint alleges that the Seller has breached this agreement by failing to complete certain repairs to the property, failing to complete documents needed to close the sale, and failing to respond to their request for mediation.  As to KRE, the Amended Complaint states:  "There is a theory of 'tortious interference' by the Seller's Agent, who clearly engineered the whole debacle." (Am. Compl., PageID # 175.)  However, the only factual allegation regarding KRE is a reference to an email that a KRE broker sent to Sheriff to follow-up on a phone conversation.  (See id., PageID # 172 & Ex. C (ECF No. 1-3), PageID # 13.)  This email, dated April 20, 2021, transmits a counteroffer from the Seller.

1.  **Subject Matter Jurisdiction**

KRE first argues that this Court lacks diversity jurisdiction over any claim that Plaintiffs may have against it related to this just-described real estate transaction.  Specifically, KRE claims that Plaintiffs cannot establish the requisite amount in controversy of $75,000.  Because this argument raises a challenge to the Court's subject matter jurisdiction, the Court necessarily must first consider whether this case is subject to dismissal for lack of jurisdiction.

While Plaintiffs' pro se Amended Complaint does not clearly delineate what claims they are pressing against each of the three named Defendants, the Amended Complaint specifically mentions claims for breach of contract, quiet title, fraud, tortious interference, and unjust enrichment.  Based on these various claims, Plaintiff seeks not only money damages, but also a

---

[2] The Court notes that a series of exhibits (ECF Nos. 1-1—1-16) were attached to the initial Complaint.  Plaintiffs, appearing pro se, did not reattach the same exhibits to their Amended Complaint.  However, to the extent their amended pleading references the same exhibits, the Court considers the exhibits incorporated into the Amended Complaint.

declaratory judgment and equitable remedies aimed at securing title to the property located at 440 Mount Hope Road.

Given the variety of remedies sought and the fact that all of Plaintiffs' claims arise out of the purchase and sale agreement for the 440 Mount Hope Road property, the amount in controversy is fairly and readily determined by aggregating the pecuniary consequences of the claims pled. See Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004) ("Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation."). Viewed from this vantage, the amount in controversy here is equal to the value of the property at issue, which undisputedly exceeds $75,000. See Mojtabai v. Mojtabai, 4 F.4th 77, 84 (1st Cir. 2021) (finding the amount-in-controversy requirement was met when plaintiff sought equitable relief, including removal of the cloud on the title to real estate, and the value of this relief exceeded $75,000); see also 14AA Charles Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3702.5 (4th ed. 2021) ("If suit is brought to quiet title to land or to a leasehold interest in land, and the cloud affects the entire title, then the value of the property or the leasehold interest the plaintiff seeks to protect is the measure of the amount in controversy.").

Nonetheless, KRE appears to argue that its liability is necessarily limited to the $50,000 of earnest money that it has been holding as the escrow agent.[3] Even assuming that was correct, on the facts as pled, the Court alternatively finds it is appropriate to exercise supplemental jurisdiction over any claim stated against KRE to the extent the claim clearly arises from the same real estate transaction. See 28 U.S.C. § 1367(a). In short, the Court is satisfied that Plaintiffs have established

---

[3] The Court notes that Plaintiffs' Amended Complaint seeks to address this argument by asserting that the "liquidation damage is at least 'double' if not 'treble'" the amount of their nonrefundable deposit. Am. Compl., PageID # 170. The Court considers this assertion to be conclusory.

the requisite amount in controversy for this Court to exercise subject matter jurisdiction over this case, including any individual claim against KRE in which the amount in controversy may be below the $75,000 threshold.

### 2. Failure to State a Claim

Having found that there is subject matter jurisdiction, the Court next turns to KRE's argument that the Amended Complaint fails to state a viable claim against KRE. Most of the Amended Complaint is focused on allegations that the Seller has breached the purchase and sale agreement. Simply stated, the Court finds no plausible factual allegations that KRE is liable for that breach as a result of its role as the escrow agent holding the nonrefundable deposit. Moreover, to the extent KRE undertook actions in its role as the Seller's Agent, the Seller is ultimately liable for the actions of its agent.

The Court does construe the Amended Complaint as attempting to state a claim against KRE for tortious interference. (See Am. Compl., PageID # 175.) "A viable claim for tortious interference with either an existing contractual relation or a prospective economic advantage requires (1) the existence of a valid contract or prospective economic advantage, (2) interference with that contract or advantage through fraud or intimidation, and (3) damages proximately caused by the interference." Meridian Med. Sys., LLC v. Epix Therapeutics, Inc., 250 A.3d 122, 134 (Me. 2021). Simply put, the allegations of the Amended Complaint do not state a plausible claim against KRE for tortious interference. While Plaintiffs plausibly allege a contract, the Amended Complaint and relevant exhibits do not contain any factual allegations of fraud or intimidation by KRE.[4] Additionally, the Court finds no plausible allegations that interference by KRE is what

---

[4] Plaintiffs' attempt to bolster their factual allegations via the 4/20/21 email from KRE fails as the Court finds this email, which transmits a counteroffer from the Seller, is subject to exclusion under Federal Rule of Evidence 408. See Pl. Ex. C (ECF No. 1-3), PageID # 13.

proximately caused Plaintiffs' damages. Rather, the Amended Complaint alleges that Plaintiffs' damages are proximately caused by the Seller failing to complete tasks necessary to close on the subject property.

Therefore, the Court concludes that the Amended Complaint fails to state a plausible claim against KRE and GRANTS KRE's Motion to Dismiss on that basis.

## II. MOTION FOR DEFAULT (ECF No. 23)

On August 8, 2021, Plaintiffs filed the pending Motion for Entry of Default, which seeks to have default entered against Defendants Matthew Gardner and 440 Mount Hope Realty Trust (together, the "Seller Defendants"). Plaintiffs argue that default is warranted because, unlike KRE, the Seller Defendants failed to file a timely response to their Amended Complaint. The Seller Defendants object to the request for default arguing that their pending Motion to Dismiss (ECF No. 13) tolled the time for them to respond to the Amended Complaint.

The First Circuit has "long cautioned that entry of default judgment is a drastic measure that should only be employed in extreme situations." Dimanche v. Massachusetts Bay Transp. Auth., 893 F.3d 1, 10 (1st Cir. 2018) (cleaned up).

> Faced with a request for entry of default where the opposing party has made an appearance, the Court considers the following factors:
>
> (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion.

Schmir v. Prudential Ins. Co. of Am., 220 F.R.D. 4, 5 (D. Me. 2004) (cleaned up). Here, these factors all weigh in favor of denying the pending request for default. The Seller Defendants have explained that they delayed responding to the Amended Complaint based on their good faith belief that they were not required to respond until they received a ruling on their then-pending motion. (See Seller Defs. Response (ECF No. 25), PageID #s 203-04.) The Court sees no prejudice to

7

Plaintiffs, particularly in light of the other pending motions and the related action that was remanded to state court.  See generally Gardner v. Sheriff, D. Me. Docket No. 2:21-cv-00151-GZS.  The Seller Defendants have alternatively asked for an extension of their time to respond to the Amended Complaint and indicated a desire to renew their request for dismissal under Rule 12(b)(6), which suggests they intend to mount a defense.  Under these circumstances, the basic principle that "actions should ordinarily be resolved on their merits" guides the Court's exercise of its discretion.  Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989).  Thus, the Court hereby DENIES Plaintiffs' Motion for Default and GRANTS the Seller Defendants' request for an extension of time to respond to the Amended Complaint.  The Seller Defendants shall file a responsive pleading or motion no later than January 6, 2022.

### III.   ORDER TO SHOW CAUSE

In this matter, both Plaintiffs, Andrew Sheriff and Mike Johannes, are appearing pro se.  However, the Court notes that Johannes is not individually named as a Buyer in the purchase and sale agreement at the center of this controversy and the Amended Complaint lists him as a "shareholder" with a "14% investment share." (Am. Compl., PageID # 169.)  On the record presented, it is not clear that Johannes is entitled to appear pro se in a shareholder capacity.  See, e.g., 1900 Cap. Trust III v. Sidelinger, No. 2:19-cv-00220-DBH, 2021 WL 2680193, at *2 n.4 (D. Me. June 30, 2021) ("Unlike individuals, business entities generally may not appear pro se.").  Therefore, Plaintiff Johannes shall show good cause why he should be permitted to continue to appear as a pro se plaintiff in this action by no later than January 26, 2022.  Failure to respond to this Order to Show Cause will result in the Court dismissing this matter as to Plaintiff Johannes with prejudice.

## IV.     CONCLUSION

For the reasons just given, the Court hereby GRANTS KRE's Motion to Dismiss (ECF No. 20) and DENIES as MOOT the other two pending Motions to Dismiss (ECF Nos. 10 & 13). As a result, Plaintiffs' claims against KRE are DISMISSED.

The Court, in an exercise of its discretion, DENIES Plaintiffs' Motion for Entry of Default (ECF No. 23) and hereby sets a deadline of January 7, 2022 for the Seller Defendants to respond to the Amended Complaint. Finally, Plaintiff Johannes shall respond to the Court's Order to Show Cause on or before January 24, 2022.

SO ORDERED.

                                                                     /s/ George Z. Singal  
                                                                     United States District Judge

Dated this 23rd day of December, 2021.