UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

2022 JAN 10 A 11: 55

| | | |
|---|---|---|
| ANDREW SHERIFF et al *plaintiff* | ) ) DEPUTY CLERK | case no. **2:21-cv-00115-GZS** |
| vs. | ) | |
| MATTHEW GARDNER et al *defendant* | ) ) ) ) | **JURY TRIAL DEMANDED** |

## MOTION TO RECONSIDER DISMISSING "KRE" AS DEFENDANT

On Dec. 23rd at doc. "26" this Court dismissed KING REAL ESTATE ("KRE") as party to the action, and this Motion seeking reconsideration of the Decision. To wit:

1. King Real Estate ("KRE") is holding **fifty thousand dollars** which belongs to the PLAINTIFF and is liable for their fiduciary duty in that regard. They have still refused to either deposit the "escrow" with the settlement company or return the funds, but they cannot simply keep it in "pause" forever.

2. It is highly unusual that a Seller Agent would accept or retain 25% of the net purchase price (some "$300,000" after deducting for contracted repairs and costs), when the ordinary custom is just 1-2% at most. The reason for the "earnest money deposit" is to give substantial consideration in contracts, while limiting the amount to something less than the Seller Agent would get in commission.

3. **By holding 25% of the net purchase value,** defendant "KRE" was positioned to interfere with the settlement itself, <u>since it now requires their specific cooperation</u> to distribute or pay the money over to the actual Settlement Company. They should never have allowed or induced this fifty thousand dollar "escrow".

1

4. "KRE" fraudulently induced this massive payment by all reasonable inference of the circumstance, and generated contractual duties to the Buyer (Plaintiff) by taking his money in "escrow". They had a <u>duty</u> to forbear from this participation.

5. The "KRE" defendant tortiously interfered with the contract **by making themselves part of that contract**, when all of this would have easily been avoided by limiting their escrow to the ordinary "1% or 2 %". Simply being in the position to interfere with the contract is already liability, especially when it has resulted in the gross injuries described by the Amended Complaint.

6. Anybody who takes "$50,000" out of the total $300,000 has made themselves much more than the Agent, and now "KRE" <u>is an agent of the plaintiff</u>. They <u>must return the funds immediately</u>, and are in breach of contract since they refused to deliver those same funds to the settlement company or the Buyer.

7. The bizarre "communications" and insolent address to the Plaintiff by defendant "KRE" through its principal broker (as set forth in the Amended Complaint) are further proof that this character deliberately interfered with the settlement, and they are obviously the source of this problem since they could also solve it now.

8. As set forth in the Amended Complaint, one "Michael Jacobson" as the primary Broker in "KRE" sent a bad faith harassing email to "Andrew Sheriff" instead of simply addressing the Buyers real estate Agent, which should speak volumes about the arrangement and the participation of each actor. Even malingering incompetence is still a liability when it results in real injuries as it did here.

9. Since the whole fact pattern reasonably concludes that no Defendant ever intended to settle the transaction or do anything except keep the "$50,000" deposit, "KRE" is clearly part of that bad faith conduct and liable to the Plaintiff.

10. Additionally, "KRE" is holding the fund that will pay for any judgment or award that issues in this case, and the Court will find they are still part of the equation even after dismissal. They cannot continue to hold the money yet remain outside the transaction, and the whole complaint is founded on breach of this contract.

**Wherefore**, the Federal Court is moved to RECONSIDER the decision which dismissed the character of "King Realty" or "KRE" as defendant, and to overrule their objections requiring that they will ANSWER the amended complaint, or default.

*/s/ Andrew Sheriff*

ANDREW SHERIFF

*/s/ Mike Johannes*

MIKE JOHANNES

### CERTIFICATE OF SERVICE

The foregoing MOTION for RECONSIDERATION is mailed 1st class to the below:

LAW FIRM

KRE REALTY

ANDREW SHERIFF

3